# SEALED UNITED STATES DISTRICT COURT
for the
Eastern District of California

# FILED

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. |
| | ) |
| Donald Burton | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

JUN   5 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

2: 17 - MJ - 9 6

EFB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____March 1, 2017 to June 5, 2017_____ in the county of _____Solano_____ in the
_____Eastern_____ District of _____California_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 666 | Theft or bribery concerning programs receiving federal funds |

This criminal complaint is based on these facts:

(see attachment)

☒   Continued on the attached sheet.

_____
*Complainant's signature*

Sean Lister
Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___6/5/2017___

_____
*Judge's signature*

City and state: ___Sacramento, CA___     Edmund F. Brennan, U.S. Magistrate Judge
*Printed name and title*

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

EASTERN DISTRICT OF CALIFORNIA

I, Sean Lister, being duly sworn, do hereby state as follows:

**<u>BACKGROUND</u>**

1.   I am currently employed as a Special Agent with the Federal Bureau of Investigations (FBI), and have been so employed since May 14, 2006.  I am assigned to the FBI Sacramento Division.

2.   As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

3.   I have participated in the execution of over 20 arrest warrants involving various types of violations.  I have investigated various Federal, State, and Local public officials who utilize their authority under color of law.

4.   The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This Affidavit is intended to demonstrate probable cause in support of a criminal complaint and arrest warrant as to Donald Burton. It does not include all of my knowledge about this matter but I have not

1

1  intentionally left out anything that is material to probable

2  cause.

3      5.   This affidavit is submitted in support of an

4  application for the issuance of an arrest warrant for Donald

5  Burton, date of birth September 23, 1965, for violations of

6  Title 18 United States Code, Section 666, Theft or Bribery

7  concerning programs receiving Federal Funds.

8                      **STATUTORY AUTHORITY**

9      6.   Title 18, United States Code, Section 666(a)(1)(B),

10  prohibits an agent of a local government from corruptly

11  soliciting or agreeing to accept anything of value from any

12  person intending to be rewarded in connection with any business,

13  transaction, or series of transactions of such organization,

14  government, agency of involving anything of value of $5,000 or

15  more.

16      7.   Title 18, United States Code, Section 666(b) states

17  the circumstance referred to in subsection (a) above is that the

18  local government receives in any one year period, benefits in

19  excess of $10,000 under a Federal program involving a grant,

20  contract, subsidy, loan, guarantee, insurance, or other form of

21  Federal assistance.

22  ///

23  ///

2

1 **DEFINITIONS**

2    8.    The following definitions apply to this Affidavit:

3         a.    the term "agent" means a person authorized to
4 act on behalf of another person or a government and, in the case
5 of an organization or government, includes a servant or
6 employee, and a partner, director, officer, manager, and
7 representative;

8         b.    the term "government agency" means a subdivision
9 of the executive, legislative, judicial, or other branch of
10 government, including a department, independent establishment,
11 commission, administration, authority, board, and bureau, and a
12 corporation or other legal entity established, and subject to
13 control, by a government or governments for the execution of a
14 governmental or intergovernmental program;

15         c.    the term "local" means of or pertaining to a
16 political subdivision within a State;

17         d.    the term "State" includes a State of the United
18 States, the District of Columbia, and any commonwealth,
19 territory, or possession of the United States; and
20 e. the term "in any one-year period" means a continuous period
21 that commences no earlier than twelve months before the
22 commission of the offense or that ends no later than twelve
23 months after the commission of the offense. Such period may

3

1   include time both before and after the commission of the

2   offense.

3                      **DETAILS OF THE INVESTIGATION**

4        9.   On March 29, 2017, the FBI Sacramento Field Office

5   White Collar Crime Squad received an email from Vallejo Police

6   Department Captain John Whitney.  Captain Whitney forwarded a

7   complaint they received regarding City of Vallejo employee

8   Donald Burton.  Burton is employed in the Public Works

9   Engineering Division of the City of Vallejo as the Landscape

10  Manager and has the authority to contract with local landscape

11  companies.  According to the complaint, Burton allegedly offered

12  a business owner, known hereafter as a Confidential Human Source

13  (CHS) additional work in exchange for a ten percent kick back.

14       10.   On April 5, 2017, I met with the CHS.  CHS told me

15  that his/her company is currently contracted with the City of

16  Vallejo to provide routine maintenance services for certain

17  areas of Vallejo.  In addition, when other miscellaneous

18  maintenance work has been needed to be performed in the same

19  areas it generally given to the contracted landscape company for

20  that area.  Burton is the person responsible for entering into

21  those contracts.  According to CHS, Burton told the CHS he has

22  approximately $75,000 to spend on miscellaneous jobs and wants

                                      4

1   to contract with the CHS in exchange for a ten percent kick

2   back.

3       11.   On April 6, 2017, CHS made a consensually monitored

4   telephone call to Donald Burton by dialing (707) 333-0468.

5   Burton indicated he wanted to meet with the CHS on April 12,

6   2017, to complete all the contracts and go over the work these

7   needed to be done.   Burton indicated that the CHS had to change

8   a recently submitted contract by adding more days of work even

9   though the job did not need more days.

10      12.   Burton emailed the CHS and advised he would not be

11  available until after April 17, 2007, due to a death in the

12  family.

13      13.   On April 18, 2017, CHS made a consensually monitored

14  telephone call to Burton by dialing (707) 333-0468.   Burton

15  agreed to meet on April 27, 2017, at 9:00 AM.   Burton advised

16  the CHS to bring a laptop with blank invoices so they could

17  create the contracts that day.   Burton said that they would

18  complete all the contracts and then the CHS could email the

19  contracts to Burton.   Burton would then sign them and send them

20  back to the CHS.

21      14.   On April 27, 2017, the CHS met with Burton in a

22  vehicle which contained an video/audio recording device and

23  audio recording device that could be monitored live.   During a

5

1  review of the recording, Burton could be seen creating the

2  contracts on the laptop provided by the CHS.  Burton on numerous

3  occasions is heard adding an extra two days of unnecessary work

4  to contracts in order to get paid $2,000.  Burton also told the

5  CHS that he has $54,000 to spend this fiscal year before July,

6  and $75,000 to spend after July for the next fiscal year.

7  Burton is heard breaking up work into smaller jobs because he

8  only had signing authority for contracted jobs up to $25,000.

9      15.  On May 8, 2017, CHS indicated payment from the City of

10  Vallejo is received by check monthly in the mail.

11     16.  On May 10, 2017, CHS indicated that Burton wanted to

12  meet again as he found more money to spend and wanted to talk

13  about getting paid.

14     17.  On May 15, 2017, the CHS met with Burton in a vehicle

15  which contained a video/audio recording device and audio

16  recording device that could be monitored live.  Burton told CHS

17  Burton moved $20,000 from water to the Northeast quadrant.

18  Burton wants the CHS to create an invoice for island demo work.

19  He told the CHS he "figure about fifteen days and it'll probably

20  only take us ten."  He then told the CHS "you take three, I'll

21  take two" with respect to the excess amount bill.  Burton agreed

22  to meet the CHS on May 24, 2017, to facilitate the payment of

23  $2,000 in cash.

6

1    18.   On May 17, 2017, CHS provided written contracts that

2   had been discussed with and/or created by Burton on April 27,

3   2017, (paragraph 14).   The contracts had been emailed to the CHS

4   on May 1, 2017, by City of Vallejo Account Clerk II Justine

5   Certeza.   The contracts were approved and signed by Burton on

6   May 1, 2017.

7     19.   On May 18, 2017, CHS provided two written contracts

8   that had been discussed with Burton on May 15, 2017, (paragraph

9   17).   The contracts had been emailed to the CHS on May 18, 2017,

10   by City of Vallejo Account Clerk II Justine Certeza.   The

11   contracts were approved and signed by Burton on May 18, 2017.

12    20.   On May 18, 2017, I reviewed the City of Vallejo

13   website to determine the amount of federal funds received by the

14   city.   On April 26, 2016, the Mayor and City Council for the

15   City of Vallejo adopted resolutions approving for the fiscal

16   year 2016/2017 a federally funded Community Development Block

17   Grant Program in excess of $900,000. Of those funds, $263,100

18   was allocated to "Public Improvements."

19    21. On May 19, 2017, I conducted an analysis of the two

20   contracts received by the CHS on May 18, 2017, (Paragraph 19).

21   The first contract was proposal #17-5 for a base lump sum price

22   of $11,400 and called for eight days of a three man crew.   The

23   second contract was proposal #17-6 for a base lump sum price of

7

1   $10,360 and called for seven days of a three man crew.  The two
2   contracts total fifteen days of work which was consistent with
3   the recorded conversation that occurred on May 15, 2017,
4   (paragraph 17) where Burton told the CHS to increase the days
5   required to do a job from ten days to fifteen days so that they
6   could split the funds, $2,000 being for Burton.

7       22.   The CHS is currently scheduled to meet with Burton on
8   June 7, 2017, to pay him the $2,000 described above.

9       23.   It is respectfully requested that this Court issue
10  an order sealing, until further order of the Court, all papers
11  submitted in support of this criminal complaint, including the
12  criminal complaint, and affidavit and arrest warrant.  I believe
13  that sealing these documents is necessary because the materials
14  are relevant to an ongoing investigation and additional
15  undercover operations are planned in advance of Burton's arrest.
16  Accordingly, premature disclosure of the contents of this
17  affidavit and related documents may have a significant and
18  negative impact on the continuing investigation and may severely
19  jeopardize its effectiveness.

20  ///
21  ///
22  ///
23  ///

8

1                              **CONCLUSION**

2        24.   Based on the above, I have probable cause to believe

3   that Donald Burton violated Title 18 United States Code Section

4   666.

5
6                              _____
7                              Sean Lister, Special Agent
8                              Federal Bureau of Investigation
9
10
11
12   Sworn to and subscribed before me
13   this _5th_ day of June, 2017.
14
15
16
17
18   EDMUND F. BRENNAN
19   United States Magistrate Judge


        Approved as to form,
        6|5|17

                                        9